**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Otto Hughes LINNEAR, Defendant-Appellant.**

**No. 71–3081.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1972.

---

Morton L. Shatzkin (argued), Studio City, Cal., for defendant-appellant.

Lawrence W. Campbell, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and SCHNACKE, District Judge.*

PER CURIAM:

Defendant appeals his conviction for possession of five counterfeit $100 Federal Reserve notes in violation of 18 U.S.C. § 472. The counterfeit was found in defendant's possession during a search by the Los Angeles police following his arrest without a warrant. He was arrested while in the company of one Freeman. Information and events preceding the arrest indicated that Freeman had engaged in an illegal cocaine transaction inside a building some distance away from the point of arrest, while defendant and a Miss Tibbs waited outside in an automobile. The latter subsequently drove Freeman and defendant to a liquor store, which defendant and Freeman entered while Miss Tibbs remained outside in the car.

There is some dispute as to whether the arrest was made in the liquor store, only on the basis of defendant's association with Freeman, or outside the store after a partially smoked marijuana butt had been found in the rear of the car, where Freeman had been sitting, and a gelatin capsule (not otherwise described) had been found in Miss Tibbs' purse. Even if it be assumed that the arrest was made outside, after the discovery of the "evidence", it was without probable cause to believe defendant guilty of any offense.

There was no justification for the warrantless arrest of defendant who was, for all that appears, a mere bystander or accompanier. United States v. DiRe, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. It follows that the counterfeit was illegally obtained, was not admissible in evidence and should have been ordered suppressed on defendant's timely motion. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; F.R.Crim.Proc., Rule 41(e).

The judgment of conviction is reversed.

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.