**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Hector FRANCO,
Defendant–Appellant.**

**No. 79–1833.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1980.

Decided Nov. 28, 1980.

Rehearing Denied Feb. 23, 1981.

---

James J. Warner, San Diego, Cal., for defendant–appellant.

Bruce R. Castetter, San Diego, Cal., for plaintiff–appellee.

Before BROWNING and ALARCON, Circuit Judges and HAUK,* District Judge.

PER CURIAM:

Franco appeals from his conviction for conspiracy to possess heroin with intent to distribute and possessing heroin with intent to distribute. He contends that his arrest was not based on probable cause, and therefore all fruits of the arrest must be suppressed. We disagree.

The following facts were known at the time of Franco's arrest: (1) Belloine, the seller, agreed to sell a quantity of drugs, but only after first checking with his source as to the price; (2) Belloine called his source at a telephone number listed at 2659 B Street; (3) Belloine and the informant then traveled to the vicinity of 2659 B Street and Belloine got out of the car; (4) Belloine and Franco were then seen conversing in the alley behind 2659 B Street; (5) Belloine then drove to the scene of the prearranged sale with Franco following in a separate car; (6) Franco parked about 100 feet from the informant's car and watched continuously while the sale was transacted.

Franco cites *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948), and *United States v. Linnear*, 464 F.2d 355 (9th Cir. 1972), as support for his contention of lack of probable cause for his arrest. Both of these cases are distinguishable. In both cases the evidence indicated that the defendant was merely present at the scene of the crime, and in neither case was there evidence indicating the involvement of a second person in the crime. In the instant case, however, the evidence indicates the involvement of at least two people (the seller and the source), and also indicates that Franco was more than merely present at the scene of the crime.

In *Di Re* an informant was to purchase some counterfeit ration tickets from Brittitta. Sitting with the informant and Brittitta in the car was the defendant. There was no indication that the defendant was involved in the sale. Moreover, the informant pointed out Brittitta to the police as being involved in the sale, but did not point to the defendant.

In *Linnear* the defendant sat in the car with a female while a third person conducted a cocaine sale in a nearby building. The three then drove to a liquor store and the defendant and third person entered the store. While defendant was in the store a partially smoked marijuana cigarette was found in the car and a gelatin capsule was found in the woman's purse. These facts were held insufficient to establish probable cause to arrest the defendant because they indicated he was merely a bystander.

---

* The Honorable A. Andrew Hauk, United States District Judge for the Central District of California, sitting by designation.

In the instant case, in contrast with the two cases above, the facts indicate that Franco was actively involved in the drug transactions. Franco met Belloine in an alley at the place and time Belloine was to meet his source, and he followed Belloine to the place of sale–keeping a vigilant watch. These facts establish a participatory interest in the drug sales.

Findings of probable cause to arrest are treated as findings of fact, and are therefore reviewed under the clearly erroneous standard. *United States v. Martin*, 587 F.2d 31, 33 (9th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979). The trial court's finding of probable cause to arrest Franco was not clearly erroneous and the fruits of that arrest are admissible.

The judgment is affirmed.