**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Danny HOWARD, Defendant-Appellant.**

No. 84–5155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1985.
Decided Feb. 28, 1985.

Thomas Buck, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Randy Sue Pollock, Los Angeles, Cal., for defendant-appellant.

Before BROWNING and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Appellant Danny Howard appeals his convictions for attempting to pass altered money orders. He contends that the postal inspector lacked probable cause to arrest him, and therefore the fruits of the car search must be suppressed. We affirm.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon,

## FACTS

On March 2, 1984, Postal Inspector Fulsom responded to a tip that a customer at the post office, later identified as Patricia Dyson, was attempting to cash an altered money order. When Fulsom arrived at the post office, he saw Howard move his car from one parking space to another space closer to the post office entrance. Fulsom then saw another man, Willie Lee Habbary, approach Howard from the direction of the post office, speak to Howard and motion toward the post office with his head. Howard remained in the car with the engine running when Habbary entered the post office. Fulsom followed Habbary and watched him as he looked around the post office for a minute or two before moving to the customer line. Fulsom left the customer line and entered the manager's office. Habbary looked at the closed office door for a couple of minutes. He then approached Dyson at the customer window and whispered to her.

On these facts and his knowledge that a person who attempts to cash an altered money order often sends a woman into the post office while others wait outside, Fulsom decided to arrest Howard. As Fulsom approached Howard's car, Howard shifted gears to leave. Fulsom arrested Howard, ordered him out of the car, and handcuffed him. A policeman searched the car and on the front seat found a case containing paraphenalia used to alter money orders.

## ISSUE

Was there probable cause to arrest Howard? If the arrest was legal, so was the search of the car and case. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981).

## DISCUSSION

The district court's finding of probable cause is reviewable de novo. *United States v. McConney,* 728 F.2d 1195, 1203

sitting by designation.

**1320**

(9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).[1]

In *United States v. Hillison,* 733 F.2d 692, 697 (9th Cir.1984), we set forth the test for probable cause:

> Arresting officers have probable cause to make warrantless arrests if, *at the moment of arrest,* facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing *that the arrested person had committed or was committing an offense.*
>
> * * * * * *
>
> In order to find probable cause based on association with persons engaging in criminal activity, some additional circumstances from which it is reasonable to infer participation in criminal enterprise must be shown. One important consideration in assessing the significance of the association is *whether the known criminal activity was contemporaneous with the association.*

(Citations omitted, emphasis added)

■ The experience of a trained observer like Fulsom (who had twelve years experience) must be considered. Fulsom saw Habbary's suspicious conduct at Howard's car and in the post office. Based on that conduct and on his knowledge of how altered money order cashing operations occur, Fulsom reasonably associated the three individuals with each other. In addition, there was particularized evidence that linked Howard to the ongoing crime. Howard appeared to associate with Dyson through Habbary. He kept his car running after moving it to a spot closer to the door, and he attempted to leave when Fulsom approached him. We hold that there was probable cause to arrest Howard and have his car and case searched.

AFFIRMED.

---

1. Before *McConney,* cases from this circuit held that probable cause is a factual issue reviewed under the clearly erroneous standard. *See, e.g., United States v. Franco,* 638 F.2d 1206 (9th Cir. 1980). In *McConney,* in an en banc hearing, we held that de novo review applies to mixed questions of law and fact when the issues implicate constitutional rights. We specifically noted that probable cause is such an issue because "the inquiry involved in applying the probable cause standard goes well beyond the facts of the case and requires consideration of the abstract legal principles that inform constitutional jurispru-

dence." *McConney,* 728 F.2d at 1203. *McConney* follows the Supreme Court's instructions that an appellate court must make an independent examination of the facts and the record when it reviews a determination of probable cause. *Ker v. California,* 374 U.S. 23, 34, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726 (1963).

We are free to reexamine earlier decisions of three-judge panels that have been undermined by later en banc decisions. *United States v. Maybusher,* 735 F.2d 366, 371 n. 1 (9th Cir. 1984).