817 F.2d 103
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellant,
v.
Richard Lee COLZIE, Appellee.
 No. 85-5254.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 17, 1986.
Decided April 20, 1987.
 
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 William G. Otis, Assistant U.S. Attorney; Justin W. Williams, U. S. Attorney; Kenneth E. Melson, Assistant U. S. Attorney, on brief, for appellant.
 William B. Moffit; Thomas Rawles Jones, Jr.; Lisa Bondareff Kemler; Moffit & Jones, on brief, for appellee.
 PER CURIAM:
 
 
 1
 The government appeals from the order of the district court suppressing as evidence (a) cocaine found in defendant's luggage during a warrantless search after his arrest at Washington National Airport, and (b) a statement made by defendant after his arrest. The court ruled that there was no probable cause to arrest; consequently, the warrantless discovery of cocaine was not incident to a valid arrest and the illegal arrest impermissibly tainted the ensuing statement. When we first heard the appeal, the government argued that there was probable cause for defendant's arrest, and that, in any event, defendant had consented to the search. Because the district court had not made findings with respect to whether the search was consensual, we remanded the case to the district court for a finding of fact on this issue, without deciding the issue of probable cause.
 
 
 2
 On remand, the district court found that defendant did not consent to the search and the government has advised us that it will not contest this finding. We must therefore now consider and decide the issue of probable cause. We conclude that the district court incorrectly decided that probable cause was lacking. We thus reverse and remand.
 
 I.
 
 3
 In the Washington National Airport, an experienced DEA agent observed defendant, a black male, deplane from a flight from Miami at approximately 4 p.m. on September 4, 1985. Defendant carried no luggage and wore no socks. He conversed briefly with another man, a white male later identified as one Scandal, and departed.
 
 
 4
 Defendant was seen again the next day at 10:20 a.m. deplaning from another flight from Miami. He was soon joined by one Welch, a black male who had left the plane six to ten passengers behind defendant but had caught up with him at the terminal staircase. The two thereafter walked together through the terminal, and eventually met up with Scandal, with whom defendant had conversed the previous day. The three men were approached by two DEA officers who asked to speak with them. Defendant and Welch stopped to talk with the officers, but Scandal kept on.
 
 
 5
 The agents questioned Welch first. Welch said that he had come from Miami and, according to one of the agents, that his name was "Williams or something similar to that." He had previously produced a ticket issued in the name of "Johnson." Welch denied carrying cocaine but defendant did not respond to this inquiry by the agents. During the conversation, defendant became visibly nervous; Welch had already exhibited nervousness.
 
 
 6
 Welch apparently consented to a search of his hand luggage. In Welch's bag was found a box of Efferdent, and when the agent opened the box, he recognized the white powder that it contained as cocaine. Welch was immediately arrested, and when defendant acknowledged that he and Welch were together, he too was arrested.
 
 
 7
 Meanwhile the other agent was searching defendant's bag. It contained a baby-powder bottle, but the bottle was not opened until a second search was conducted in the police office after Welch and defendant were arrested. When opened, it too was found to contain cocaine.
 
 II.
 
 8
 Probable cause for an arrest exists when, "at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." United States v. Manbeck, 744 F.2d 360, 376 (4 Cir. 1984), cert. denied sub nom. O'Hare v. United States, 469 U.S. 1217 (1985). It is a practical assessment based on the totality of the circumstances, Illinois v. Gates, 462 U.S. 213 (1983); Manbeck, 744 F.2d at 376, and taking into account the expertise of law enforcement officials, United States v. Gooding, 695 F.2d 78, 82 (4 Cir. 1982) (trained officers can detect criminal conduct in behavior that may seem innocent to others); United States v. Howard, 758 F.2d 1318, 1320 (9 Cir. 1985).
 
 
 9
 It seems fairly clear that "mere presence" at the scene of a crime, or in the company of those engaged in crime, does not, by itself, establish probable cause for an arrest. See Hall, Search and Seizure, Sec. 5:11 (1982); United States v. Di Re, 332 U.S. 581 (1948) (presence in car when counterfeit ration coupons were transferred, and where informant implicated only the other occupant of the car, not enough to justify arrest); Ybarra v. Illinois, 444 U.S. 85 (1979) (customer's presence in bar that was being searched pursuant to warrant not enough to justify search of customer). However, such presence is a legitimate factor to consider in determining the existence of probable cause. See Ringel, 2 Searches & Seizures, Arrests and Confessions, Sec. 23.3(a) (1986) ("presence combined with other factors may provide probable cause"); Di Re, 332 U.S. 581, 593-94 (argument from mere presence is "forceful enough in some circumstances," but not in light of facts of this case); United States v. Swayne, 700 F.2d 467, 470 (8 Cir. 1983) ("the courts have recognized that in certain circumstances a person's choice of whom to associate with, as well as the nature of that association, must be taken into account when assessing probable cause"); Howard, 758 F.2d at 1320. The critical question then becomes: what circumstances, beyond the fact of presence, will be enough to constitute probable cause?
 
 
 10
 The district court considered that the only substantial fact bearing on the existence of probable cause was the mere presence of defendant, and association with Welch, when the guilt of Welch became certain. While the district court was aware of the other facts relied upon by the government to establish probable cause, it did not think that they amounted to such a showing. We think otherwise. We comment on them and their legal significance seriatim.
 
 
 11
 (a) Colzie's two trips, within twenty-four hours, from Miami
 
 
 12
 Although it is possible to conceive of some legitimate business purpose for this itinerary, the government persuasively argues that suspicion was amply justified. See Swayne, 700 F.2d at 471 ("The point of [appellant's] departure and destination [also Miami--known to be a major source of supply for illegal drugs], and most importantly the speed with which he intended to return, belies a belief that this was an innocent traveler").
 
 
 13
 (b) Scandal, the man who greeted Colzie on both occasions, did not stop when the agents approached and questioned Colzie and Welch
 
 
 14
 While it is true that Scandal was under no obligation to stop, that does not deny the legitimacy of the officers' inference from his failure to do so. Such behavior is odd for someone greeting passengers at an airport. After cocaine was discovered on Welch (the foreknowledge of which apparently explained Scandal's departure), the officers' awareness that Scandal had met Colzie at the airport the previous day understandably would have enhanced their suspicions.
 
 
 15
 (c) Colzie's "excessive" nervousness
 
 
 16
 Agent Lee described Colzie as "acting very, very nervous"-more so than normal when people are questioned by the police. This is a legitimate consideration in an officer's assessment of probable cause. See Gooding, 695 F.2d at 84 ("may obviously be relevant"--but not where the officers had conflicting perceptions of suspect's demeanor). While there is some merit in defendant's protest about the potential manipulation of a factor such as this, an experienced officer's unrefuted judgment that a suspect's anxiety exceeds that of most people who are questioned, is surely entitled to some weight.
 
 
 17
 (d) Colzie's admission, after discovery of Welch's cocaine, that he and Welch were traveling together
 
 
 18
 Unlike Di Re and Ybarra, supra, where there was no independent evidence of a connection between the defendant and the criminals in their presence, defendant openly admitted that he was traveling with Welch. Defendant's argument, that his honesty should not have been grounds for suspicion, misses the point. What is significant is that it provided positive proof of a close connection--beyond mere coincidental presence--with a man carrying cocaine. Indeed, the Ninth Circuit, in recognizing that something more than mere presence is needed to establish probable cause, recently held: "One important consideration in assessing the significance of the association is whether the known criminal activity was contemporaneous with the association." United States v. Hillison, 733 F.2d 692, 697 (9 Cir. 1984). See also LaFave, Search and Seizure, Sec. 3.6 (1978) (short time span between the crime and the observed association with the criminal reduces the need to show some special circumstances beyond the fact of association). In this case, defendant was not arrested for traveling with a man previously seen in possession of cocaine; Welch was carrying the contraband when he and defendant were arrested.
 
 
 19
 These four factors, we think, combine to justify defendant's arrest. Although each may also be susceptible of innocent explanations, that does not deny the validity of the assessment of them in aggregate to constitute probable cause. See Gates, 462 U.S. at 244, n.13 ("innocent behavior frequently will provide the basis for a showing of probable cause"). Nor do the instances of defendant's "innocent" behavior (e.g., choosing not to lie about his name and traveling companion) significantly derogate from the aggregation of suspicious circumstances.
 
 
 20
 Although it is difficult, when engaging in probable cause analysis, to uncover bright lines or cases that are factually indistinguishable, the circumstances here compare favorably with those of other decisions finding probable cause with little more than mere presence. see, e.g., Howard, 758 F.2d 1320 (defendant waited in running car outside post office at same time that woman tried to cash altered money order; conversed from car with man who exited from, and returned to, post office; shifted gears to leave as officer approached). United States v. Pepple, 707 F.2d 261 (6 Cir. 1983) (suspicious behavior in car in parking lot of motel where drug deal was being transacted).
 
 
 21
 Because we conclude that there was probable cause to arrest defendant, we think that both the cocaine found in his luggage in the course of a search incident to a valid arrest, and his statement made after arrest, were admissible in evidence. The order suppressing their use must be reversed and the case remanded for trial.
 
 
 22
 REVERSED AND REMANDED.