892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jose Luis BANTULA; Juan Carlos Romero, Defendants-Appellants.
 No. 89-50048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 21, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals interlocutorily, pursuant to 18 U.S.C. § 3731, that portion of the district court's order of October 24, 1988 suppressing evidence in the trial of defendants Bantula and Romero (among others) on charges of conspiracy in violation of 21 U.S.C. § 846 and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The United States contends on appeal that the district court erred, first, in finding that law enforcement officials lacked probable cause to arrest defendants Bantula and Romero, and second, in suppressing evidence found in a mailbox, because the defendants failed to establish standing to challenge the seizure and voluntarily abandoned the evidence. We reverse.
 
 I.
 
 3
 This Court reviews de novo the district court's determination of the existence of probable cause to arrest, see United States v. McConney, 728 F.2d 1195, 1203 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), but reviews for clear error any findings of fact upon which the district court based its determination, see United States v. Klein, 860 F.2d 1489, 1492-93 (9th Cir.1988). We must make an independent examination of the facts and the record when we review a determination of probable cause. United States v. Howard, 758 F.2d 1318, 1320 n. 1 (9th Cir.1985). In this case, our task is complicated by the fact that the district court did not make any explicit factual findings in support of its conclusion that the arresting officers lacked probable cause.
 
 II.
 
 4
 A warrantless arrest must be supported by probable cause to be valid. United States v. Hoyos, 868 F.2d 1131, 1135 (9th Cir.1989). Probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, to believe the suspect has committed, is committing, or is about to commit a crime. Michigan v. DeFillipo, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); Klein, 860 F.2d at 1493. A court must look to the totality of the circumstances in determining whether probable cause existed, United States v. LaChapelle, 869 F.2d 488, 490 (9th Cir.1989), and should consider the experience and expertise of the officers involved in the investigation and arrest, Hoyos, 868 F.2d at 1135-36.
 
 
 5
 "[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979), reh'g denied, 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 737 (1980). See also United States v. Vaughan, 718 F.2d 332 (9th Cir.1983). "In order to find probable cause based on association with persons engaged in criminal activity, some additional circumstances from which it is reasonable to infer participation in the criminal enterprise must be shown. One important consideration in assessing the significance of the association is whether the known criminal activity was contemporaneous with the association." United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984) (citations omitted) (quoted in United States v. Baron, 860 F.2d 911, 916-17 (9th Cir.1988), cert. denied, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989), and United States v. Howard, 758 F.2d 1318, 1320 (9th Cir.1985) (per curiam)). A further significant consideration "is whether the nature of the criminal activity is such that it could not normally be carried on without the knowledge of all persons present." Baron, 860 F.2d at 917 (quoting Hillison, 733 F.2d at 697).
 
 
 6
 Our independent review of the facts and the record persuades us that there was probable cause to arrest defendants Bantula and Romero. The police surveillance team had received information from Special Agent Gonzales of the Drug Enforcement Administration ("DEA") that co-defendant Palaez, a cocaine broker, was to meet his "source" at a Safeway parking lot in order to arrange delivery of 50 kilograms of cocaine. At the exact place and time that Palaez was to meet with the source, defendants Perez, Bantula, and Romero arrived in the Jaguar, which Bantula was driving. The surveillance team observed all three men meet with Palaez; the team photographed the four men together. At the conclusion of this meeting, Perez drove off in the "load car" which Gonzales had earlier parked in the lot at the direction of Palaez and which was to be used to transport the cocaine. Immediately after the meeting, Palaez confirmed to Agent Gonzales that he had just met with his "people" and that the "deal was set." Thus, the presence of Bantula and Romero was contemporaneous with a meeting, the purpose and result of which were a criminal drug transaction. Indeed, we think it unlikely that this sort of transaction could normally be carried on without the knowledge of all persons present. See Baron, 860 F.2d at 917; Hillison, 733 F.2d at 697.
 
 
 7
 In addition, the surveillance team observed the Jaguar, containing Bantula and Romero, follow closely the load car for a half mile before turning off. Sergeant LaCroix of the surveillance team testified, based upon his more than eight years experience as a narcotics officer, that such conduct is consistent with the role of an overseer of the transaction, who would direct others to take the car and obtain the contraband, while avoiding potential arrest in possession of the contraband. See Hoyos, 868 F.2d at 1136; United States v. Moses, 796 F.2d 281, 284 (9th Cir.1986); Howard, 758 F.2d at 1320; see also United States v. Arrellano-Rios, 799 F.2d 520 (9th Cir.1986) (proximity to criminal conduct, if supported by behavior consistent with specific role in that criminal conduct, is sufficient to establish probable cause). The surveillance team at this time elected to follow only the load car. Perez drove the load car to a residence, obtained approximately 50 kilograms of cocaine, and was subsequently stopped and arrested. After seizing this cocaine, Sergeant LaCroix put out a radio broadcast to apprehend Bantula and Romero in the Jaguar. Officers Lynch and Connor, after receiving the broadcast, arrested the two on the porch of a residence, after they had walked away from the Jaguar.
 
 
 8
 The evidence available to the surveillance team supports the conclusion that those officers, in light of their experience and expertise regarding drug transactions, could reasonably conclude that there was cause to arrest Bantula and Romero beyond mere proximity to the drug transaction. Because the officers on the surveillance team had probable cause to arrest Bantula and Romero, the actual arrest by Officers Lynch and Conner is lawful. See United States v. Heiden, 508 F.2d 898, 901 (9th Cir.1974). Since the arrest was lawful, the evidence found in the Jaguar and the mailbox should not have been suppressed.
 
 
 9
 In light of this determination, it is unnecessary to reach the issue of defendant's standing or abandonment of evidence seized in the mailbox.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3