15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leslie Scott McKENNETH, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall DARRING, Defendant-Appellant,
 Nos. 93-50099, 93-50111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Jan. 5, 1994.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leslie McKenneth and Randall Darring pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Their pleas were conditioned on the reserved right to appeal. They challenge the denial of their motions to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Detective Maples and Deputy Salcido of the Los Angeles Police Department arrested McKenneth and Darring in the Los Angeles International Airport on July 16, 1992. The officers became suspicious of the appellants when another detective told them McKenneth made a cash purchase of two one-way American Airline tickets to Chicago, checked no luggage, and was "acting suspiciously."
 
 
 4
 The officers located McKenneth and Darring at the boarding gate. Maples arrested Darring after questioning him and searching his duffle bag, which contained bricks of cocaine. Salcido questioned McKenneth and arrested him as soon as Darring was arrested. The officers then searched McKenneth's luggage and discovered it too contained cocaine. McKenneth subsequently confessed his intention to distribute the narcotics in Chicago.
 
 
 5
 Darring moved to suppress the cocaine, claiming his duffle bag was searched and the cocaine was seized without his consent and without a warrant, in violation of the Fourth Amendment. McKenneth moved to suppress his confession and the cocaine seized from his luggage. He argued that his arrest was made without probable cause.
 
 II
 
 6
 Darring argues that the district court erred in denying his motion to suppress because his encounter with the arresting officers amounted to a seizure that was not supported by reasonable suspicion.
 
 
 7
 * The district court's findings of fact are reviewed for clear error, but "the ultimate determination of whether those facts amount to an unlawful seizure is a matter of law" reviewed de novo. United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 498 U.S. 985 (1990).
 
 
 8
 Police may stop and question a person without any suspicion that he is engaged in wrongdoing so long as he feels "free to disregard the police and go about his business." Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991) (citations and internal quotations omitted). If, however, police "seize" a person for a brief, investigatory stop it must be supported by reasonable suspicion. See Terry v. Ohio, 392 U.S. 1, 20-22 (1968).
 
 
 9
 The district court found Darring's stop was not a seizure, but merely a consensual encounter. The court found the officers, who were dressed in plain clothes and did not display weapons, informed Darring that he did not have to answer their questions and was free to leave. The officers did not intimidate Darring. Based on these facts, the district court concluded a reasonable person in Darring's shoes would feel free to terminate the encounter and walk away.
 
 
 10
 The district court's findings of fact are not clearly erroneous. The district court correctly concluded Darring's encounter did not amount to a seizure as a matter of law. See Bostick, 111 S.Ct. at 2386. Because the encounter was consensual and did not amount to a seizure, we need not determine whether it was supported by reasonable suspicion.
 
 B
 
 11
 Darring also argues that officer Maples searched his duffle bag and seized the cocaine without a warrant and without valid consent. Darring contends he did not give officer Maples permission to search his bag and was not even asked to consent to the search. Maples testified that he requested and received consent to search Darring's bag. The district judge found Maples to be more credible than Darring, and concluded Darring had given consent to the search. "When findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings." United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987) (citing Anderson v. Bessemer City, 470 U.S. 564, 575 (1985)). The district court's conclusion that Darring consented to the search is not clearly erroneous. See id.
 
 
 12
 Darring further contends that if he gave consent, it was not voluntary. The government bears the burden of demonstrating that consent to a warrantless search was voluntary. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1299 (9th Cir.1988). The district court's determination of voluntariness is reviewed for clear error. Id. Voluntariness is based on the totality of the circumstances. Id. "On appeal, the evidence must be viewed in the light most favorable to the fact-finder's decision." United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 
 13
 The district court considered that Darring was not in custody when he consented to the search, and that neither the arresting officers nor the back-up agents had their weapons drawn. The court also reasoned that Darring would be likely to give consent because he denied knowing the contents of his duffle bag, and concluded Darring gave consent voluntarily. This finding is not clearly erroneous.
 
 III
 
 14
 McKenneth contends the officers lacked probable cause to arrest him. He argues that the district court therefore erred in refusing to suppress the confession he made subsequent to his arrest. The district court did not rule on whether probable cause existed to arrest McKenneth, although he asserted lack of probable cause in his motion to suppress and in oral argument before the court. The record is sufficiently developed, however, for us to address the issue for the first time on appeal. See United States v. Hendricks, 743 F.2d 653, 656 (9th Cir.1984), cert. denied, 470 U.S. 1006 (1985).
 
 
 15
 A warrantless search is permissible if conducted incident to a lawful arrest. However, " 'if an arrest without a warrant is to support an incidental search, it must be made with probable cause.' " United States v. Smith, 790 F.2d 789, 791 (9th Cir.1986) (quoting Henry v. United States, 361 U.S. 98 (1959)). "The test for probable cause is whether the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989). A district judge may consider the arresting officer's experience and expertise, although the officer need not have personal knowledge of the facts sufficient to constitute probable cause but may rely on the collective knowledge of all the officers involved in the investigation. Id.
 
 
 16
 Salcido testified that he concluded there was probable cause because McKenneth had purchased the tickets and was traveling with Darring, who was arrested for possession of cocaine. Salcido therefore based probable cause to arrest McKenneth on his association with Darring.
 
 
 17
 Probable cause to arrest a person may not be based solely on association with another person who is engaged in criminal activity. "[M]ere propinquity with known criminals does not, without more, give rise to probable cause." United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984) (citing Ybarra v. Illinois, 444 U.S. 85, 89 (1979)). The government must show some additional circumstances from which it is reasonable to infer participation in the criminal enterprise. United States v. Baron, 860 F.2d 911, 916-17 (9th Cir.1988), cert. denied, 490 U.S. 1040 (1989).
 
 
 18
 In assessing the significance of the association we consider " 'whether the known criminal activity was contemporaneous with the association.' " Id. at 917 (quoting United States v. Howard, 758 F.2d 1318, 1320 (9th Cir.1985)). We also note "whether the nature of the criminal activity is such that it could not normally be carried out without the knowledge of all persons present." Hillison, 733 F.2d at 697.
 
 
 19
 McKenneth had a close and contemporaneous association with Darring, given that he purchased Darring's ticket and admitted he was traveling with Darring. We believe Darring's criminal activity was not likely to be carried out without McKenneth's knowledge. See id. at 697.
 
 
 20
 In addition, the officers knew before they arrested McKenneth that: (1) both defendants were leaving a "source" city; (2) the airline tickets were one-way and purchased with cash immediately before the flight's departure; (3) the defendants checked no luggage; (4) the defendants appeared nervous at the boarding gate, scanning the area for signs they were being watched; (5) Darring "clutched" the two bags as if guarding them; (6) Darring had given inconsistent information to the officers about who owned McKenneth's bag; and (7) Darring had denied packing his duffle bag, allowing the inference that someone Darring trusted, such as McKenneth, packed the bag. McKenneth's association with Darring, combined with this behavior, furnished the officers with probable cause to arrest McKenneth.
 
 CONCLUSION
 
 21
 The district court properly denied the appellants' motions to suppress. We affirm their convictions.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3