141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Albert MARTIN, Defendant-Appellant.
 No. 97-30245.
D.C. NO. CR-97-00071-MFM.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 17, 1998**.
Decided April 8, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcom F. Marsh, District Judge, Presiding.
 MEMORANDUM*
 Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 Because the parties are familiar with the facts of this case, we will not discuss them in detail here. Petitioner Albert Martin appeals his conviction, following his conditional guilty plea, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court concluded that probable cause existed to arrest Martin and therefore, denied his motion to suppress evidence seized during his arrest. We affirm the district court's denial of the motion to suppress.
 
 STANDARD OF REVIEW
 
 2
 This Court reviews de novo the denial of a motion to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994); United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). Determinations of probable cause are mixed questions of law and fact, and are reviewed de novo by this Court. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.1991); United States v. Smith, 790 F.2d 789, 791 (9th Cir.1986).
 
 DISCUSSION
 
 3
 To determine whether probable cause exists, the court* examines whether reasonably trustworthy facts exist which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that a suspect is committing or has committed a crime. United States v. Arzate-Nunez, 18 F.3d 730, 735 (9th Cir.1994); see also United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994).
 
 
 4
 Martin relies on cases which hold that mere proximity to criminal activity is insufficient to establish probable cause. See, e.g., Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). In Ybarra, the Supreme Court held, "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." Id. at 91.
 
 
 5
 Here, however, police relied on more than Martin's proximity to suspected criminal activity in deciding to arrest him. Prior to the arrest, officer Anderson was informed by Boyd, a known drug dealer, that a friend was helping him "cook" and "rock" up some crack. Boyd also informed Anderson that this friend knew that a drug transaction would take place and planned to accompany Boyd. Martin was a passenger in the car when Boyd arrived at the restaurant. During Boyd and officer Anderson's meeting, Martin was observed watching the two men and visually scanning the area around the car and the restaurant.
 
 
 6
 The experience of a trained law enforcement agent is entitled to consideration in determining whether there was probable cause. United States v. Arrellano-Rios, 799 F.2d 520, 523 (9th Cir.1986); United States v. Howard, 758 F.2d 1318, 1320 (9th Cir .1985); see also Valencia, 24 F.3d at 1108. Anderson testified that, based on his training and eleven years of experience in drug investigations, Martin appeared to be surveilling the area for other individuals or police and acting as Boyd's bodyguard. Officer Anderson's experience allowed him to recognize a pattern of criminal behavior. See, e.g., Arrellano-Rios, 799 F.2d at 522.
 
 
 7
 Viewed as a whole, the evidence possessed by police prior to arresting Martin indicated that criminal activity was taking place. These facts, taken together, would lead a prudent person to believe that Martin was involved in criminal activity.
 
 CONCLUSION
 
 8
 Accordingly, the district court properly found probable cause and therefore denied Martin's motion to suppress. The district court's judgment is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3