UNITED STATES of America,
Plaintiff–Appellee,

v.

Leon Angel VALENCIA, Defendant–Appellant.

No. 92–50718.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 1994*.

Decided May 17, 1994.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

Maureen J. Shanahan, Totaro & Shanahan, Malibu, CA, for defendant-appellant.

Rob B. Villeza, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: HUG, WIGGINS, and NOONAN, Circuit Judges.

Opinion by Judge HUG.

HUG, Circuit Judge:

Leon Angel Valencia was convicted of conspiracy to possess cocaine with the intent to distribute and possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841 and 846. Valencia appeals his conviction on the ground that the district court erred by denying his motion to suppress evidence obtained from an allegedly illegal arrest and an invalid search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

Valencia was arrested in Ontario, California, on January 23, 1992, after law enforcement agents observed Valencia drive away from a motel parking lot in a Nissan Sentra. Earlier in the day, officers observed two other co-defendants transfer 130 kilograms of cocaine from the Nissan to a tractor-trailer truck. The registration papers found in the Nissan indicated the same address that Valencia gave as his own when he was booked at the police station.

Following Valencia's arrest, the police ran a search on his background and discovered that Valencia was a target in a major federal narcotics investigation. Other agents had surveilled Valencia's residence on Orange Grove Avenue. Valencia rented the house, and his name appeared on the telephone records. Agents had observed Valencia near

the house during late-evening and early-morning hours.

Based on this information, the officers obtained a search warrant to search the Orange Grove home. The officers discovered 2650 kilograms of cocaine during the search.

## II.

Valencia's first contention is that the district court erred by denying his motion to suppress evidence because it was obtained as the result of an invalid arrest. Valencia asserts that the officers did not have probable cause to arrest him. We do not agree.

We review a motion to suppress *de novo*. *United States v. Homick*, 964 F.2d 899, 903 (9th Cir.1992). The determination of probable cause is a mixed question of law and fact, and is therefore subject to *de novo* review. *United States v. Dunn*, 946 F.2d 615, 619 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991). The Government bears the burden of showing that a warrantless arrest did not violate the Fourth Amendment. *United States v. Delgadillo–Velasquez*, 856 F.2d 1292, 1295 (9th Cir.1988).

To determine whether probable cause exists to support a warrantless arrest, we examine whether the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. *United States v. Greene*, 783 F.2d 1364, 1367 (9th Cir.), *cert. denied*, 476 U.S. 1185, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986). The court may take into account the experience and expertise of law enforcement agents who observed the defendant's activity. *United States v. Hillison*, 733 F.2d 692, 697 (9th Cir.1984). "When there has been communication among agents, probable cause can rest upon the investigating agents' 'collective knowledge.' " *United States v. Del Vizo*, 918 F.2d 821, 826 (9th Cir.1990) (citation omitted).

Valencia argues that the actions prior to his arrest are not necessarily indicative of criminal activity and, therefore, are insufficient to establish probable cause to arrest him. However, viewed as a whole, the collective evidence the officers had prior to arresting Valencia indicates that criminal activity was taking place and that Valencia was involved.

Before arresting Valencia, the officers observed a tractor-trailer truck parked, without moving, in a hotel parking lot for several days. Two men moved the truck to a different motel in the same city, checked into separate rooms, and used the public pay phone in the parking lot. The two men later removed cardboard boxes from the Nissan Sentra and placed them into the truck's cab, indicating a car switch. Upon following the truck and subsequently arresting the two men, officers found 130 kilograms of cocaine in the truck, and the driver of the truck told one officer that the owner of the Nissan would return to pick it up at the motel. Based on the officers' expectation that someone would return to the "load car," they watched the Nissan for about an hour before Valencia and a co-defendant arrived. Both men acted suspiciously, circling the car and looking around the parking lot. Valencia then drove off in the Nissan.

We conclude that these facts, taken together, would lead a prudent person to believe that Valencia was probably involved in an illegal conspiracy to distribute cocaine. The circumstances presented the usual indicia of drug trafficking. The collective knowledge and experience of the officers, combined with a co-defendant's statement that someone would return to pick up the "load car," is sufficient to uphold a finding that probable cause existed to arrest Valencia.

## III.

Valencia's second contention is that the district court erred by not holding an evidentiary hearing to determine whether the affidavit to support the search warrant contained intentionally or recklessly false statements. This argument is without merit.

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that, under certain circumstances, a defendant is entitled to an evidentiary hearing to afford the defendant

an opportunity to attack the veracity of a facially-valid affidavit used to support a search warrant. In order to be granted a *Franks* hearing, the defendant must make a substantial preliminary showing that:

> 1) the affidavit contains intentionally or recklessly false statements, and

> 2) the affidavit cannot support a finding of probable cause without the allegedly false information.

*United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir.1992). If the defendant prevails at the *Franks* hearing, the evidence obtained as a result of the search warrant issued on the affidavit must be excluded. *Franks*, 438 U.S. at 156, 98 S.Ct. at 2676; *DeLeon*, 979 F.2d at 763. If the warrant contains sufficient information to support a finding of probable cause after the false statements are omitted, "no hearing is required." *Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684.

Valencia challenges Detective Robert Bernhard's affidavit submitted in support of the application of the search warrant to search the Orange Grove residence. Valencia contends that it contained two falsehoods: 1) that the Nissan registration was found in Valencia's pocket when, in fact, it was found in the car glovebox, and 2) that Valencia drove the "load car" near the Orange Grove residence.

Valencia did not satisfy the requisite *Franks* hearing requirements. In his affidavit, Detective Bernhard stated that "The third suspect Leon Valencia had the registration to the load vehicle in his jacket pocket." It is not clear that this statement is even false. Although Valencia contends that he did not have it on his person at the time of his arrest, Valencia did have the registration in his pocket at the police department.

Nor does Valencia establish that the allegedly false statement was made intentionally or recklessly. Valencia's declaration merely states: "At the time of my arrest, I did not have the registration for the Nissan Sentra in my pockets or on my person. The registration to said vehicle was found by the officers in the glove compartment." This declaration is not a substantial showing of intentionally or recklessly made false statements.

The second falsehood submitted by Valencia is that he was seen driving near the Orange Grove residence. Detective Bernhard's affidavit stated: "[U.S. Customs] Agent Farabee further advised your affiant that surveillance has placed Valencia at both residences during late evenings and early morning hours driving the same 'load car'...." Valencia's declaration stated that he "never drove that vehicle to or near the residence at 3137 Orange Grove, Pasadena, at any time. When Officer Farabee says that he saw me in the Nissan Sentra driving on occasions in the early morning hours near 3137 Orange Grove, Pasadena, he is either mistaken or simply not telling the truth." Again, Valencia failed to make a substantial showing that the statement was intentionally or recklessly false. Valencia's own statement that Bernhard may be mistaken negates his attempt to demonstrate any intentional or reckless disregard for the truth. We conclude that the district court's failure to hold an evidentiary hearing was not error.

## IV.

Valencia's final contention is that the district court erred by denying his motions to quash the search warrant and to suppress the evidence obtained as a result thereof because no probable cause existed. We do not agree.

We review a magistrate's decision to determine whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. *United States v. Brown*, 951 F.2d 999, 1002 (9th Cir.1991). "The affidavit need only 'enable the magistrate to conclude that it would be reasonable to seek the evidence in the place indicated.'" *United States v. Taylor*, 716 F.2d 701, 706 (9th Cir.1983) (citation omitted). "Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location." *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986). The magistrate may draw reasonable inferences about where the evidence is likely kept, based on the nature of the evidence and the offense involved. *Id.* "In the case of

drug dealers, evidence is likely to be found where the dealers live." *Id.* (citation omitted).

We conclude that the magistrate did not err in determining that the items described in the warrant would be found in the Orange Grove residence. The magistrate relied on Detective Bernhard's affidavit, which detailed the criminal activity that had taken place earlier, including the discovery of 130 kilograms of cocaine in the tractor-trailer, transferred from the Nissan that Valencia later picked up. After Valencia's arrest, the police ran a background check on his driver's license and discovered that he was a suspect in a major federal drug trafficking case. During surveillance, officers observed Valencia driving the Nissan near the Orange Grove house at odd hours. Finally, Detective Bernhard stated that he believed, based on his training and experience, that Valencia's Orange Grove residence was being used as a "stash house." It is proper to give weight to an agent's opinion as to evidence of drug trafficking. *See, e.g., United States v. Fannin,* 817 F.2d 1379, 1382 (9th Cir.1987). The district court did not err in determining that probable cause existed to search Valencia's residence.

**AFFIRMED.**