39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick V. LEZINE, Defendant-Appellant.
 No. 94-30002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick V. Lezine appeals his conviction and sentence, imposed following the entry of a conditional guilty plea to two counts of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2. Lezine contends that the district court erred in: (1) denying his motion to suppress evidence seized during a search incident to arrest because his arrest was unlawful, and (2) refusing to depart downward based upon the disparate impact of the cocaine base (crack) laws on African Americans. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 Suppression Motion
 
 3
 Lezine contends that his arrest was unlawful and that all evidence seized during a search incident to arrest should have been suppressed. Specifically, Lezine contends that he did not obstruct a police officer under Washington law because he was merely responding to the officer's use of excessive force. This contention lacks merit.
 
 
 4
 We review the district court's decision on a motion to suppress de novo and the district court's factual findings for clear error. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). The determination of probable cause to support a warrantless arrest is a mixed question of law and fact that we review de novo. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994); United States v. Fixen, 780 F.2d 1434, 1435-36 (9th Cir.1986). Probable cause for a warrantless arrest exists if under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that the suspect had committed or was about to commit a crime. Valencia, 24 F.3d at 1108; Fixen, 780 F.2d at 1436.
 
 
 5
 Here, Lezine was arrested for obstructing a police officer in the discharge of his duty under Wash.Rev.Code Sec. 9A.76.020. After conducting a suppression hearing, the district court found that following a foot chase by a police officer, Lezine physically resisted efforts to detain him for questioning.
 
 
 6
 The district court's factual findings concerning Lezine's resistance are not clearly erroneous. See Becker, 23 F.3d at 1539. At the suppression hearing, the two arresting police officers testified that Lezine flailed his arms and attempted to get away. Lezine also testified at the hearing, but did not contest the officers' testimony. Thus, the district court did not err in finding that Lezine resisted the officers when confronted. See id.
 
 
 7
 Furthermore, under the totality of the circumstances, the officers had probable cause to arrest Lezine for obstruction. See Valencia, 24 F.3d at 1108. Pursuant to Wash.Rev.Code Sec. 9A.76.020, "Every person who ... shall knowingly hinder, delay, or obstruct any public servant in the discharge of his official powers or duties; shall be guilty of a misdemeanor." Lezine ran from a police officer, hid under a van, and resisted arrest when discovered. Based on Lezine's conduct, the officers had probable cause to arrest Lezine for obstruction. See State v. Little, 806 P.2d 749, 754 (Wash.1991) (suspect's flight from officers and refusal to stop when ordered to do so constituted obstruction); State v. Ortiz, 706 P.2d 1069, 1073 (Wash.1985) (defendant's arrest for obstruction valid where he ran upon seeing police and struggled when caught), cert. denied, 476 U.S. 1144 (1986).
 
 
 8
 For the first time on appeal, Lezine now claims that the police officer "ground [his] face into the sidewalk" when he pulled Lezine from under the van. Lezine argues that the officer's conduct constituted excessive force and therefore Lezine's resistance was justified. At most, however, a suspect has a limited right to offer reasonable resistance to an arrest that is the product of an officer's bad faith or provocative conduct. See United States v. Span, 970 F.2d 573, 580 (9th Cir.1992), cert. denied, 113 S.Ct. 1283 (1993). Although the police officer testified that he scraped Lezine's face on the ground in pulling him from under the van, there was no evidence that the officer was acting in bad faith. See id. Accordingly, since the arrest was valid, the district court did not err in denying Lezine's motion to suppress evidence seized during a search incident to arrest. See Becker, 23 F.2d at 1539.
 
 Sentencing
 
 9
 Lezine contends that the district court should have departed downwards from the Sentencing Guidelines because of the disparate impact of the cocaine (crack) laws on African Americans. This contention lacks merit.
 
 
 10
 The district court's discretionary decision not to depart from the Guidelines is ordinarily not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). If the district court believes that it lacks the legal authority to depart, we review this determination de novo. Id. Generally, where a criminal statute establishes a mandatory minimum sentence, the sentencing court lacks discretion to depart below the statutory mandatory minimum sentence. See U.S.S.G. Sec. 5G1.1(b); United States v. LaFleur, 971 F.2d 200, 208 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993). "The Guidelines expressly adopt, as the Guideline minimum, any minimum sentence prescribed by statute." LaFleur, 971 F.2d at 208; U.S.S.G. Sec. 5G1.1(b). Absent a motion by the government pursuant to 18 U.S.C. Sec. 3553(e), departure may be warranted in only very limited circumstances, such as where the government's failure to make a motion is unconstitutionally motivated. United States v. Vilchez, 967 F.2d 1351, 1355-56 (9th Cir.1992).
 
 
 11
 Here, the district court sentenced Lezine to concurrent terms of five years for each count, which was the statutory mandatory minimum sentence under 21 U.S.C. Sec. 841(b)(1)(B). Since the government did not file a Sec. 3553(e) motion, the district court lacked discretion to depart from the mandatory minimum prescribed by 21 U.S.C. Sec. 841(b)(1)(B). See Vilchez, 967 F.2d at 1355-56. Moreover, we have upheld the constitutionality of the mandatory minimum sentencing scheme as it applies to cocaine base (crack). See United States v. Coleman, 24 F.3d 37 (9th Cir.), cert. denied, 115 S.Ct. 261 (1994); United States v. Harding, 971 F.2d 410 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993). Accordingly, the district court did not err in refusing to depart below the statutory mandatory minimum sentence. See LaFleur, 971 F.2d at 208.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3