42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto ROMERO, Defendant-Appellant.
 No. 94-15719.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Humberto Romero, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction for conspiracy and possession with intent to distribute cocaine. Romero contends that he received ineffective assistance of counsel because his attorney failed to file a suppression motion. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 Romero was convicted, following a jury trial, for conspiracy to distribute cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and aiding and abetting the possession of cocaine with intent to distribute, in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1). Romero was tried with codefendants Humberto Lazo and Ricardo Trelles. Codefendant Fernando Rios pleaded guilty and testified for the government. At trial, Police Detective Jim Foreman testified that during surveillance of Rios's house in Bakersfield, California, he saw Romero and Rios drive off in a car. The police searched the car, and later the house, and found cocaine in the house.
 
 
 4
 We affirmed Romero's conviction and sentence on direct appeal. United States v. Lazo, Nos. 90-10575, 90-10601, and 90-10590, unpublished memorandum disposition (9th Cir. Mar. 24, 1992). Romero then filed a Sec. 2255 motion, which the district court denied. Romero timely appeals.
 
 
 5
 Romero contends that counsel was ineffective for failing to assert lack of probable cause for his arrest. He argues that an informant's allegedly uncorroborated statements were insufficient to establish probable cause, and that his illegal arrest tainted the subsequent seizure of cocaine at Rios's house. Romero's contention lacks merit.
 
 
 6
 We review de novo the denial of a Sec. 2255 motion. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). The district court may deny a Sec. 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see Frazer, 18 F.3d at 781.
 
 
 7
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct fell within "the wide range of reasonable professional assistance," and an attorney's tactical decisions are essentially unreviewable. Id. at 689-90. To establish prejudice, the defendant must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 687.
 
 
 8
 Probable cause for a warrantless arrest exists if under the totality of the facts and circumstances known to the arresting officers, a prudent person would have concluded that the suspect had committed or was about to commit a crime. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994).
 
 
 9
 The police arrested Romero when they stopped his car near Rios's house. An informant had told the police to expect several Latin men to leave the house to conduct a narcotics transaction. The informant had stated that the men came from Los Angeles and would leave the house in an Oldsmobile and a new black hatchback without license plates. At the house, the police saw two cars matching the informant's description. Romero and Rios later drove off in the hatchback.
 
 
 10
 Romero argues that the officers' failure to find cocaine on the men or in the car discredited the informant's story. We nonetheless hold that because other parts of the informant's story were corroborated, counsel was not ineffective for deciding to forego a challenge to Romero's arrest. See id. ; Gordon v. Duran, 895 F.2d 610, 614 (9th Cir.1990) (no Sixth Amendment violation where counsel failed to raise Fourth Amendment claim even though defendant possibly had standing). Moreover, on direct appeal, we held that despite the officers' failure to find cocaine in the car, probable cause supported the warrant to search the house. Accordingly, Romero cannot show that counsel's decision not to file a suppression motion prejudiced his defense. See Strickland, 466 U.S. at 687.
 
 
 11
 In his reply brief, Romero also contends that exigent circumstances did not justify his warrantless arrest. Again, due to our holding on direct appeal, Romero has failed to carry his burden of showing that counsel's omission prejudiced his defense. See id.
 
 
 12
 In his opening brief, Romero raises several additional issues. In his reply brief, he concedes that these additional issues "either lack merit or are unsupported by any evidence in the record." Accordingly, we do not address them.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3