45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Steven DEIMERLY, Defendant-Appellant.
 No. 94-10236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Steven Deimerly appeals his conviction, after a jury trial, for engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. Sec. 922(a)(1)(A), and unlawfully possessing a machinegun in violation of 18 U.S.C. Sec. 922(o). Deimerly contends the district court erred by denying his motion to suppress evidence after conducting a Franks hearing to determine the veracity of the affidavit in support of the search warrant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Deimerly was arrested after a Bureau of Alcohol, Tobacco and Firearms (ATF) undercover investigation revealed that he was dealing in firearms without a license and was in possession of a suspected UZI machinegun. The undercover operation involved two ATF Special Agents and a licensed firearms dealer who negotiated purchases of firearms from Deimerly on two separate occasions. Based upon information obtained during these transactions, agent Richard Putnam submitted an affidavit in support of a search warrant for Deimerly's residence. Following Deimerly's motion to suppress evidence seized during the search, the district court conducted a Franks hearing and ruled that the factual material in the affidavit was not false or made in reckless disregard of the truth, and that the omitted information was not material to the determination of probable cause.
 
 
 4
 Deimerly contends Putnam's affidavit falsely stated that he possessed an unregistered UZI machinegun and intentionally omitted the fact that a licensed firearms dealer was present during the undercover sales transactions. Deimerly argues absent the false statements and omissions, the magistrate judge would not have found probable cause to issue the search warrant.
 
 
 5
 Where a defendant makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant; and (2) material to the magistrate judge's finding of probable cause, the court must hold a hearing to investigate the veracity of the affiant. United States v. Valencia, 24 F.3d 1106, 1108-09 (9th Cir.1994) (applying Franks v. Delaware, 438 U.S. 154 (1978)). If the defendant prevails at the Franks hearing, the evidence obtained as a result of the search warrant issued on the affidavit must be excluded. Franks, 438 U.S. at 156; Valencia, 24 F.3d at 1109.
 
 
 6
 When reviewing a challenge that the affidavit contained alleged misstatements and omissions, the reviewing court must examine all circumstances set forth in the affidavit. United States v. Johns, 948 F.2d 599, 602 (9th Cir.1991), cert. denied, 112 S.Ct. 3046 (1992). The warrant is presumed valid. Id. The district court's factual findings are reviewed for clear error. United States v. Garza, 980 F.2d 546, 551 (9th Cir.1992). Whether misstatements or omissions are material to a finding of probable cause is subject to de novo review. United States v. Bertrand, 926 F.2d 838, 842-43 (9th Cir.1991).
 
 
 7
 Here, Special Agent Putnam based his affidavit on information received from the undercover investigation of the illegal firearms sales. Putnam was informed that Deimerly possessed what appeared to be an UZI machinegun, demonstrated to the undercover agent how it functioned as a machinegun, and spoke about the gun as if it were a real firearm. Even though the UZI firearm proved to be a mechanical replica, Putnam's affidavit was based upon the sincere belief that the machinegun was real, and thus, it was not clear error for the district court to find that the factual material in the affidavit was not false or made in reckless disregard of the truth. See Garza, 980 F.2d at 551.
 
 
 8
 The affidavit's omission of the fact that a licensed firearms dealer took part in the negotiations and purchases of the firearms was not material to the determination of probable cause. Special Agent Putnam stated that the firearms dealer was not mentioned in order to protect his identity as a confidential informant working for ATF. Furthermore, the firearms dealer told Deimerly on numerous occasions that he had no interest in complying with the federal firearms laws. He told Deimerly that he would not record any of the firearms on his books, that he preferred "off paper" transactions, and that he was willing to purchase and sell unregistered illegal machineguns. Therefore, contrary to Deimerly's contention, if the magistrate judge had been aware of the omitted facts regarding the licensed firearms dealer, the determination of probable cause would only have been strengthened.
 
 
 9
 Additionally, the affidavit contained information showing that Deimerly had purchased over 350 firearms and that over twenty of these weapons had been used in crimes in three different states. An affidavit need only show facts adequate to support a finding of probable cause. See Johns, 948 F.2d at 606-07. The omission of facts rises to a level of misrepresentation only if the omitted facts cast doubt on the existence of probable cause. Id. The district court properly concluded the omitted information was not material to a determination of probable cause. See Bertrand, 926 F.2d at 842-43. Deimerly's motion to suppress the evidence was properly denied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3