46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrin AFEMATA, Defendant-Appellant.
 No. 93-50840.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrin Afemata appeals his conviction, following a jury trial, of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Afemata contends the district court erred by denying his motion to suppress evidence which was seized pursuant to a warrantless search of his vehicle. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's decision on a motion to suppress de novo, and its underlying factual findings for clear error. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). The determination of probable cause to support a warrantless arrest is a mixed question of law and fact that we review de novo. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994). Probable cause for a warrantless arrest exists if under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that the suspect had committed or was about to commit a crime. Id. When a police officer has made a lawful custodial arrest of a vehicle's occupant, he may conduct a warrantless search of the vehicle, as incident to the arrest. New York v. Belton, 453 U.S. 454, 460 (1981); United States v. Lorenzo, 867 F.2d 561, 561-62 (9th Cir.1989) (per curiam).
 
 
 4
 Here, the following facts were adduced at the suppression hearing through testimony of Drug Enforcement Administration (DEA) Agents William Pallwitz and Charles Balo, and Los Angeles County Deputy Sheriff James Jonas. During the course of a continuing drug trafficking investigation, federal drug enforcement officials were conducting surveillance on a house in Wilmington, California owned by Johnny Clark, a suspected "crack" cocaine dealer. Pen registers attached to Clark's telephone revealed a significant amount of phone contact between Clark and Afemata. On one occasion, DEA agents observed Afemata's vehicle waiting in the driveway for Clark's return.
 
 
 5
 On September 24, 1991, Agent Pallwitz observed Clark conducting what appeared to be illegal narcotics transactions on at least four separate occasions. On October 3, 1991, Pallwitz again observed Clark take part in three separate narcotics transactions prior to Afemata's arrival. When Afemata's El Camino appeared, Clark stepped out and waved to the car, which then turned and stopped in front of Clark's house. Agents identified Afemata as the driver, and his wife and two young children as the occupants. Clark approached the passenger side of the car, and Pallwitz observed Clark remove a plastic bag which appeared to contain U.S. currency, and run into the house. Clark then exited the house with his shirt out, hanging over his pants. Pallwitz observed Clark lean into the passenger side of the car again, moving his shoulders and elbows. Although Pallwitz was unable to see whether Clark held an object in his hands, Pallwitz formed a belief based on his training and observation that Clark had transferred narcotics to Afemata in exchange for cash.
 
 
 6
 Agents Pallwitz and Balo then arranged for Los Angeles County Deputy Sheriff Jonas to perform a vehicle stop on Afemata's El Camino. Once the car had come to a stop, Jonas removed Afemata from the car and placed him in the back of his patrol car. Jonas then approached the El Camino and, from the open door he was able to observe a clear plastic shopping bag containing what appeared to be narcotics. Jonas and other officers seized the narcotics, conducted a full search of the car, and placed Afemata under arrest.
 
 
 7
 Based on the totality of the circumstances, a prudent person would believe that Afemata had purchased illegal narcotics from Clark. The collective experience and knowledge of the law enforcement agents, combined with Afemata's actions in relation to Clark, support the district court's finding of probable cause to arrest Afemata. See Valencia, 24 F.3d at 1108; see also United States v. Rodriguez, 869 F.2d 479, 483 (9th Cir.1989) (pattern of activity consistent with drug trafficking is sufficient basis for probable cause to stop vehicle and arrest defendant when he took delivery of vehicle from persons suspected of narcotics trafficking, even though surveilling officers saw no narcotics).
 
 
 8
 Because the arrest of Afemata was valid, law enforcement officers were entitled to conduct a warrantless search of Afemata's vehicle as incident to that arrest. See Belton, 453 U.S. at 461; Lorenzo, 867 F.2d at 562. The search was conducted at about the same time as the arrest, and was therefore sufficiently contemporaneous. See United States v. Turner, 926 F.2d 883, 887 (9th Cir.), cert. denied, 112 S.Ct. 103 (1991).
 
 
 9
 Accordingly, the district court did not err by denying Afemata's motion to suppress the cocaine found in his car. See Valencia, 24 F.3d at 1108.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3