60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lewis DE PAYNE; Bonnie Vitello, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-56630.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 3, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Lewis De Payne and Bonnie Vitello appeal from the district court's denial of their Rule 41(e) motion for return of property.
 
 
 3
 * Rule 41(e) of the Federal Rules of Criminal Procedure provides, in relevant part:
 
 
 4
 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.
 
 
 5
 Appellants claim that the search warrants authorizing the searches at issue were not supported by probable cause.
 
 
 6
 Probable cause exists when, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1982). The magistrate judge's finding of probable cause will be overturned on appeal only if it lacks a substantial basis.
 
 
 7
 As the district court recognized, it is undisputed that (1) multiple calls were placed from a telephone at De Payne's residence to a voicemail box number to which Pacific Bell Telephone Company ("PBTC") calls were being forwarded; (2) calling features not available to the general public were present on De Payne's residential phone -- features that could have been activated only through PBTC's computers; (3) phones at IMPAC -- De Payne's place of work -- accessed a computer modem dedicated solely to access to internal PBTC computers; and (4) IMPAC phones were used to access a voicemail box to which PBTC calls were being forwarded -- the same box accessed by a phone in De Payne's residence. Such evidence provides probable cause that evidence of illegal computer hacking would be found at both De Payne's residence and his place of work.[1]
 
 
 8
 Our conclusion is not changed by the fact that the above evidence may not prove that De Payne himself committed a crime. A showing of probable cause sufficient to justify a search warrant requires only evidence that contraband will be found in a particular place. Gates, 462 U.S. at 238. Accordingly, an absence of evidence linking De Payne to the crimes alleged does not undermine the existence of probable cause for the issuance of a search warrant.
 
 II
 
 9
 Appellants also claim that they are entitled to a Franks hearing.
 
 
 10
 In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that, under certain circumstances, a defendant is entitled to an evidentiary hearing in which he can attack the veracity of a search warrant affidavit or challenge the omission of material facts therefrom. In order to merit a Franks hearing, a defendant contesting an affidavit's veracity "must make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir. 1994). A similar showing is required where a defendant points to material omissions: first, the defendant must make a substantial preliminary showing "that the affidavit contained a misleading omission and that the omission resulted from a deliberate or reckless disregard of the truth. Second, he must demonstrate that had there been no omission, the affidavit would have been insufficient to establish probable cause." United States v. Kyllo, 37 F.3d 526, 529 (9th Cir. 1994).
 
 
 11
 "The effect of the misrepresentations and omissions on the existence of probable cause is considered cumulatively." United States v. Stanert, 762 F.2d 775, 782 (9th Cir. 1985). Accordingly, we must determine whether the affidavit, once corrected and supplemented, still would provide probable cause.
 
 
 12
 Appellants contend that the affidavit contained the following, among others, alleged falsehoods: (1) that De Payne engaged in criminal conduct in violation of 18 U.S.C. Secs. 1030 and 2511; and (2) that only PBTC employees have access to telephone numbers with an 811 prefix.
 
 
 13
 Even were we to agree that the challenged statements are recklessly-made falsehoods, and accordingly excluded these statements from the affidavit, there still remains the fact that telephones at De Payne's residence were equipped with services unavailable to the general public and obtainable only through access to PBTC's computers; that phones at both De Payne's residence and workplace accessed a voicemail box to which PBTC calls were being forwarded; and that IMPAC phones accessed a modem dedicated solely to accessing internal PBTC computers. Were the allegedly false statements to be omitted from the affidavit, we would still affirm the magistrate judge's finding of probable cause.
 
 
 14
 Addition of the alleged omissions does not change our decision. Appellants allege that the following material evidence was omitted from the affidavit: (1) PBTC makes incorrect entries in its own computers, activating features not requested by the customer; (2) IMPAC has many phones besides the phones described in the affidavit, several of which are located in semi-public places; (3) other people have had access to IMPAC telephones; and (4) the general public has access to 811 prefixes.
 
 
 15
 The latter omissions suggest only that someone other than De Payne could have committed the alleged hacking. Such a conclusion in no way detracts from the magistrate judge's finding of probable cause. As we have noted, a showing of probable cause sufficient to justify a search warrant requires only evidence that contraband will be found in a particular place. See Gates, 462 U.S. at 238. Accordingly, the suggestion that the alleged illegal activities were conducted by another does not necessarily undermine the existence of probable cause.
 
 
 16
 De Payne's claim that the services on his residential phone might have resulted from PBTC error gives us pause. If this were the case, then the presence of such services on De Payne's residential line might not indicate wrongdoing at such location; we would be left with merely the calls to the voicemail box to which PBTC calls were being forwarded -- a significantly slimmer reed upon which to hang a search. However, De Payne presents no evidence in support of his assertion of PBTC error, other than his own testimony. Without more, we are unpersuaded of the existence of a misleading omission. See United States v. DiCesare, 765 F.2d 890, 895 (9th Cir. 1985) (to merit Franks hearing, "a detailed offer of proof ... must accompany the allegations").
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Appellants also argue that if we conclude that the warrant was supported by probable cause, we should conclude that the scope of the authorized search was unjustified. Because appellants failed to raise this issue until their reply briefs, this issue has been waived. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (quotations omitted))