65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of American, Plaintiff-Appellee,
v.
Luyen Dao NGUYEN, Defendant-Appellant.
 No. 95-50020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luyen Dao Nguyen appeals his conviction following a conditional guilty plea to possession of counterfeit currency in violation of 18 U.S.C. Sec. 472. Nguyen contends that the district court erred in denying his motion to suppress evidence gathered as the result of a search incident to his arrest because police officers lacked both reasonable suspicion to detain him and probable cause to arrest him. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review the district court's decision on a motion to suppress de novo and its underlying factual findings for clear error, giving special deference to the district court's credibility determinations. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994); United States v. Ramos, 923 F.2d 1346, 1355-56 (9th Cir.1991). The issue of probable cause to support a warrantless arrest is a mixed question of law and fact, which we review de novo. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994).
 
 
 4
 Officers engaged in the lawful arrest of a vehicle's driver may legitimately see that the other occupants of the vehicle do not pose any danger to them during the arrest. United States v. Wiga, 662 F.2d 1325, 1332 (9th Cir.1981), cert. denied, 456 U.S. 918 (1982); see also Pennsylvania v. Mimms, 434 U.S. 106, 110-11 (1977) (holding mere inconvenience of being asked to exit car outweighed by need for officer safety). Probable cause to arrest is determined by viewing the totality of the circumstances known to the police officer; the standard is met if a prudent person would conclude that the suspect had committed or was about to commit a crime. Valencia, 24 F.3d at 1108. An officer may search a suspect incident to a lawful arrest. United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993).
 
 
 5
 Here, the police officers stopped the car in which Nguyen was a passenger for a traffic violation. Alhambra Police Officer Patrick Benschop noticed an illegal baton underneath the driver's feet and asked the driver to step out of the car. The driver consented to a search of the car. Officer Benschop then asked the back-seat passenger, Nguyen, and the front-seat passenger, Christine Lu, to leave the car so that the officer could remove the illegal baton. As Nguyen got out of the car, Officer Benschop observed him place a shiny object in between the back-seat cushions. Officer Benschop then removed the baton and arrested the driver. At that point, Officer Benschop searched the entire car and discovered an illegal "butterfly knife" in the back seat where Nguyen had been sitting. Officer Earl Knight then arrested and frisked Nguyen. Officer Knight discovered an envelope full of currency in one of Nguyen's pockets, which was later determined to be counterfeit. According to Christine Lu, Nguyen's fiancee, Officer Knight searched Nguyen before Officer Benschop searched the car and discovered the illegal butterfly knife.
 
 
 6
 The district court properly denied the motion to suppress the counterfeit currency because the officers had probable cause to arrest Nguyen. See Valencia, 24 F.3d at 1108. The district court did not clearly err in finding the testimony of the arresting police officers more credible than the testimony of the defendant's fiancee. See Ramos, 923 F.2d at 1356. During a legitimate traffic stop, Officer Benschop saw an illegal baton under the driver's feet. Officer Benschop was justified in requiring all of the passengers to leave the car so that he could safely remove the weapon. See Mimms, 434 U.S. at 110-11; Wiga, 662 F.2d at 1332-33. Finding the knife after observing Nguyen's furtive movements gave the officers probable cause to arrest Nguyen. See Valencia, 24 F.3d at 1108; see also United States v. Spencer, 1 F.3d 742, 746 (9th Cir.1992) (holding police justified in suspecting weapon concealed in vehicle when officer saw passenger conceal something under seat and when passenger wore empty shoulder holster under jacket); cf. United States v. Gutierrez, 995 F.2d 169, 171-72 (9th Cir.1993) (holding defendant's placement of something where police later found weapon supported finding of possession of firearm). The officers conducted a valid search incident to Nguyen's arrest. See Tarazon, 989 F.2d at 1051. Therefore, the district court properly denied Nguyen's motion to suppress the evidence discovered during the search. See Valencia, 24 F.3d at 1108.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nguyen's contention that the officers lacked reasonable suspicion to detain him is based on a sequence of facts in conflict with those adopted by the district court. Nguyen contends that the officers searched him before they searched the car. The district court found that the officers searched Nguyen only after searching the car and discovering the butterfly knife. The district court did not clearly err in its findings of fact. See Ramos, 923 F.2d at 1356. Because the officers had probable cause to arrest Nguyen after they found the knife we do not consider Nguyen's contention that the officers also lacked reasonable suspicion to detain him