70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aldo RAMOS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fidencio RAMOS, Jr., aka: Fidencio Ramos, Defendant-Appellant.
 Nos. 94-50564, 94-50617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 17, 1995.
 
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aldo Ramos appeals the district court's calculation of his sentence following a guilty plea to one count of possession of cocaine with intent to distribute and two counts of possession of methamphetamine with intent to distribute, all in violation of 21 U.S.C. Sec. 841(a)(1). Fidencio Ramos, Jr., Aldo's brother and co-defendant, entered a conditional plea of guilty to one count of possession of methamphetamine with intent to distribute. Fidencio appeals the district court's denial of his request for an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and the district court's calculation of his sentence.
 
 I. Aldo Ramos
 
 3
 Aldo is correct that United States v. Buchanan, 59 F.3d 914 (9th Cir.1995), compels the conclusion that his apparently valid waiver of his right to appeal is not enforceable. However, Aldo's arguments regarding the district court's Sec. 3B1.1(a) four-level enhancement for Aldo's role as an organizer or leader in the organization demonstrate, at best, that the facts upon which the district court relied were susceptible to more than one interpretation. Because he has failed to demonstrate that the district court's finding was clearly erroneous, we must affirm. See United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991) (stating that a district court's finding that a defendant is an organizer or leader in the criminal activity is a question of fact reviewed for clear error).
 
 
 4
 II. Fidencio Ramos, Jr.
 
 
 5
 The district court's decision to deny Fidencio's Franks motion without an evidentiary hearing is reviewed de novo. United States v. Homick, 964 F.2d 899, 904 (9th Cir.1992). While Fidencio contends that the declarations submitted by his expert sufficiently establish that the wiretap affidavits contained knowing or reckless misrepresentations with respect to the "necessity" for the wiretap, we agree with the district court that his expert's declarations amounted merely to the opinion of another law enforcement officer questioning the decisions of the investigator and did not establish that any of the representations in the wiretap affidavits were knowlingly or recklessly false. The denial of Fidencio's Franks motion without a hearing was therefore proper. Franks, 438 U.S. at 171-72; see United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir.1994) (stating that, in order to obtain a Franks hearing, a defendant must make a "substantial preliminary showing" that the affidavit contains intentionally or recklessly false statements).
 
 
 6
 As far as Fidencio's appeal of the district court's sentencing calculation, the district court correctly applied the rule of United States v. Alfeche, 942 F.2d 697, 698-99 (9th Cir.1991), in separating the amount of "pure" methamphetamine from the methamphetamine mixture for the purposes of calculating Fidencio's sentence. As Fidencio concedes, we are bound to follow Alfeche. What is more, we see nothing wrong with the Alfeche rule and thus decline his suggestion that we call for en banc reconsideration.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3