77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivis Lander ELVIR, Defendant-Appellant.
 No. 95-50317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivis Lander Elvir appeals the district court's denial of his motion to suppress evidence. Elvir contends that the district court improperly denied his suppression motion because there was no probable cause for his arrest. Elvir was convicted pursuant to a conditional guilty plea for possession of $120 in counterfeit currency in violation of 18 U.S.C. § 472. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the order denying Elvir's motion to suppress and remand with instructions for the district court to make factual findings on whether there was probable cause to arrest Elvir.
 
 
 3
 We review de novo a motion to suppress. See United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994). Whether probable cause existed for a warrantless arrest is a mixed question of law and fact which we review de novo, applying the clearly erroneous standard to the underlying facts. See id. Probable cause supporting a warrantless arrest exists if the facts and circumstances within an officer's knowledge are sufficient to justify a prudent person's belief that a suspect has committed, is committing, or is about to commit a crime. See id. The government bears the burden of showing that a warrantless arrest did not violate the Fourth Amendment. See id.
 
 
 4
 Federal Rule of Criminal Procedure 12(e) requires the district court to state its essential factual findings on the record when it denies a motion to suppress. See United States v. Carbajal, 956 F.2d 924, 930 (9th Cir.1992); United States v. Prieto-Villa, 910 F.2d 601, 602 (9th Cir.1990). Essential factual findings are those that will permit an appellate review of the legal questions involved. See Prieto-Villa, 910 F.2d at 610. In reviewing an order denying a motion to suppress, it is "inappropriate ... for an appellate court to attempt to resolve disputed factual questions, or to search the record for support for the Government's position as the prevailing party." See Carbajal, 956 F.2d at 930-931.
 
 
 5
 Here, the district court denied Elvir's motion to suppress without stating its essential factual findings as required by Rule 12(e). See Carbajal, 956 F.2d at 930. It would violate Rule 12(e) for this court to make any factual findings as to whether there was probable cause supporting Elvir's arrest. See id. at 931.
 
 
 6
 Therefore, we vacate the district court's denial of Elvir's suppression motion and remand the matter to the district court for factual findings. See id.; Prieto-Villa, 910 F.2d at 610. The district court may, in its discretion, conduct evidentiary proceedings and, if appropriate, may reconsider its ruling on the motion to suppress. See Carbajal, 956 F.2d at 931.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3