81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dewayne Paul GIPSON, Defendant-Appellant.
 No. 95-30085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided March 29, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dewayne Paul Gipson appeals his conviction, which followed a conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his motion for a Franks[1] evidentiary hearing and the denial of his motion to suppress evidence seized during a search of his property. We affirm.
 
 DISCUSSION
 A. Motion to Suppress
 
 3
 "The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit." United States v. Taylor, 716 F.2d 701, 705 (9th Cir.1983) (citing United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1978)). The affidavit "is sufficient if it establishes probable cause." Id. "Probable cause to justify a search warrant exists when there is a sufficient showing that incriminating items are located on the property to which entry is sought." United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir.1991); Taylor, 716 F.2d at 705-06; see also United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991) (requiring only a "reasonable nexus" between the place to be searched and the activity establishing probable cause). "Deference is accorded to a magistrate's decision to issue a warrant." Taylor, 716 F.2d at 706. The staleness of information contained in the affidavit "must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (citing United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984)).
 
 
 4
 The search warrant for Gipson's property was supported by a fifty-nine page affidavit by Detective Meister. In the affidavit, Detective Meister detailed his investigation into Gipson's marijuana growing operation. Looking at the "four corners" of the warrant, there was sufficient information to demonstrate probable cause to search Gipson's property. See Ocampo, 937 F.2d at 490; Taylor, 716 F.2d at 705-06. There was information from several informants that Gipson had a sizable marijuana growing operation. Gipson's numerous property holdings, his contact with the Saxons, and the physical layout of his residence were consistent with a large-scale drug operation. There was also the opinion of detective Meister that, based on his experience, incriminating evidence would be located in Gipson's residence. See Ocampo, 937 F.2d at 490 ("magistrate may rely on the conclusions of experienced police officers regarding where evidence is likely to be found."). Moreover, in light of the particular facts, the information about Gipson's activities and the probable location of the evidence was not stale. See Greany, 929 F.2d at 525. The affidavit sufficiently established probable cause to search for marijuana and related manufacturing and distributing paraphernalia.
 
 B. Franks Hearing
 
 5
 Although an affidavit provides a sufficient basis for a finding of probable cause, a defendant may attack an otherwise valid search warrant where the affidavit contains any material omissions or falsehoods, and the defendant may be entitled to an evidentiary hearing. See Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). "In order to be granted a Franks hearing, the defendant must make a substantial preliminary showing that: (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir.1994) (citing United States v. DeLeon, 979 F.2d 761, 763 (9th Cir.1992)). "If the warrant contains sufficient information to support a finding of probable cause after the false statements are omitted, 'no hearing is required.' " Id. (quoting Franks, 438 U.S. at 171-72, 98 S.Ct. at 2684).
 
 
 6
 Viewing the affidavit as a whole, Gipson has failed to make a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements. See Valencia, 24 F.3d at 1109. The misstatements or omissions, if any, are minor, especially in light of the substantial information contained in the affidavit. They do not show that the informants were unreliable; much less do they show that Detective Meister knew or should have known that they were.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)