110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geza Jed CSERNA, Defendant-Appellant.
 No. 96-10093.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided March 19, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Geza Jed Cserna appeals his convictions after a jury trial of one count of possession of an unregistered machine gun, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2), and one count of possession of an unregistered short-barreled semi-automatic rifle, in violation of 26 U.S.C. §§ 5861(d) and 5871.
 
 
 3
 Cserna challenges his conviction on two principal grounds: that the affidavit supporting the warrant to search his trailer was inadequate to establish probable cause for the search and that the government presented insufficient proof that he possessed a short-barreled rifle. We affirm the convictions.
 
 PROBABLE CAUSE
 
 4
 While we review de novo the district court's decision to deny Cserna's motion to suppress, see United States v. Clark, 31 F.3d 831, 834 (9th Cir.1994), we review for clear error the justice of the peace's determination that there was probable cause for issuing the search warrant. See United States v. Baldwin, 987 F.2d 1432, 1435 (9th Cir.1993). We afford "great deference" to this initial finding of probable cause, see Clark, 31 F.3d at 834, and will uphold the issuance of the search warrant "so long as the [official] had a substantial basis for concluding that probable cause existed based on the totality of the circumstances." United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir.1993) (internal quotations omitted).
 
 
 5
 We conclude that the justice of the peace properly discharged his duty "to make a practical, commonsense decision ... given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, [that] there [was] a fair probability that contraband or evidence of a crime" would be found in Cserna's trailer. Illinois v. Gates, 462 U.S. 213, 238 (1983) (internal quotations omitted).
 
 
 6
 The justice of the peace based his determination on the detailed observations and statements of the informant, Steven Gratzer, and the independent corroboration of those statements by Detective Dailey. Dailey confirmed Cserna's residence at the Valley View Trailer Park in a trailer that fit Gratzer's description. Dailey discovered that Officer Hensley had seen Cserna in possession of five firearms, supporting Gratzer's statements that Cserna possessed a large number of weapons.[1] Further, Dailey determined that Cserna had no permit to possess automatic weapons. Agents from the Bureau of Alcohol, Tobacco, and Firearms confirmed that the weapons Gratzer described could be fully automatic. This independent police corroboration demonstrates that the justice of the peace had a substantial basis for finding probable cause under the totality of the circumstances.
 
 
 7
 Cserna challenges Gratzer's information because Gratzer did not have specialized knowledge of automatic weapons and did not hear or see the weapons fired in an automatic mode. However, Cserna himself told Gratzer that the two guns were fully automatic and pointed out the selector switch that allowed one of the firearms to be converted into automatic mode. Gratzer need not be a weapons expert to supply information supporting probable cause for a search warrant. His account was detailed, specific, and based on personal observation, and therefore provides sufficient explanation of how he "came by his ... knowledge" to establish that his tip was reliable. United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986).
 
 
 8
 Cserna contention that the affidavit was defective because it did not negate the possibility that he fell under one of the exceptions to 18 U.S.C. § 922(o) fails for two reasons. First, Detective Dailey sought and the justice of the peace issued the warrant for suspected violations of Nevada law. Nev.Rev.Stat. § 202.350(2)(b) criminalizes the possession of a machine gun without exceptions. The exceptions to 18 U.S.C. § 922(o) are thus irrelevant to the question of whether probable cause existed to believe that Cserna violated Nevada law in possessing automatic weapons. Second, the exemptions to 18 U.S.C. § 922(o) are not elements of the offense but affirmative defenses, which the defendant must raise at trial. See United States v. Green, 962 F.2d 938, 941 (9th Cir.1992) ("[A] defendant who relies on an exception to a statute made by a proviso or distinct clause, whether in the same section of the statue or elsewhere, has the burden of establishing and showing that he comes within the exception." (quoting United States v. Guess, 629 F.2d 573, 576 (9th Cir.1980))). The probable cause determination requires that the justice of the peace conclude only that there is a "fair probability that contraband or evidence of a crime will be found." Gates, 462 U.S. at 238. It does not require certainty that a crime has been committed.
 
 
 9
 Finally, Cserna claims that Detective Dailey omitted material information from and made material false statements in his affidavit in support of the search warrant. He argues that the evidence seized must be suppressed or, in the alternative, that he is entitled to an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978), to allow him to attack the veracity of the affidavit. To establish eligibility for a Franks hearing, Cserna must "make a substantial preliminary showing" that (1) the affidavit contained intentional or reckless false statements or omissions, and (2) these falsities or omissions were necessary to the finding of probable cause. United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir.1994). Cserna failed to present sufficient evidence to meet either of these two prongs.
 
 SUFFICIENCY OF THE EVIDENCE
 
 10
 Cserna claims that the evidence was insufficient to support his conviction of unlawful possession of a short-barreled rifle because the government failed to prove that the weapon in question had a "rifled bore," an element of the statutory definition of rifle under 26 U.S.C. § 5845(c). Because Cserna failed to make a motion for judgment of acquittal before the district court submitted the case to the jury, we may review this claim only for plain error to prevent a miscarriage of justice. See United States v. Tisor, 96 F.3d 370, 379 (9th Cir.1996), cert. denied, 117 S.Ct. 1012 (1997); United States v. Roston, 986 F.2d 1287, 1289 (9th Cir.1993).
 
 
 11
 Evidence is sufficient to support a conviction if, viewing it in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Castaneda, 16 F.3d 1504, 1510 (9th Cir.1994). At Cserna's trial, the government's firearms expert, Richard Turner, testified that "[t]his firearm would be classified as a rifle and that is designed to be fired from the shoulder...." The prosecutor then asked Turner, "And does the barrel on that--normally that's a rifled barrel traditionally?" Turner answered, "Yes, right. On the inside of the barrel, the bore, there is rifling on the interior. That's to spin the bullet as it travels through. That's referred to as rifling." Turner also testified that the particular firearm Cserna possessed "would be classified as a rifle." A rational juror could infer from Turner's detailed description of rifling in response to the prosecutor's question that the particular firearm at issue had a rifled bore. Under the heightened plain error standard, we cannot conclude that Cserna's conviction after this testimony is a "miscarriage of justice." Roston, 986 F.2d at 1289 (internal quotations omitted).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the guns were not determined to be illegal, they may still help corroborate Gratzer's statements. The Supreme Court has stated that "[i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." Gates, 462 U.S. at 244 n. 13. The possession of five firearms and a large amount of ammunition in a car might be viewed as a particularly suspicious noncriminal act