61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Paz FENISTERRI, aka Daniel Cruz Madrid, aka Antonio
Gomez, Defendant-Appellant.
 No. 94-50435.
 United States Court of Appeals, Ninth Circuit.
 Submitted July11, 1995.*
Decided July 13, 1995.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-94-00129-RJK; Robert J. Kelleher, District Judge, Presiding.
 
 
 2
 C.D. Cal.
 
 AFFIRMED
 
 3
 Before: LAY,** BRUNETTI, and RYMER, Circuit Judges
 
 
 4
 MEMORANDUM***
 
 
 5
 Antonio Paz Fenisterri appeals his jury conviction and sentence under the Sentencing Guidelines for conspiracy to distribute and to possess with the intent to distribute cocaine, two counts of possession of cocaine with intent to distribute, and possession of a firearm in relation to a drug trafficking offense, in violation of 21 U.S.C. Secs. 841(a)(1) & 846, and 18 U.S.C. Sec. 924(c)(1). We affirm.
 
 I.
 
 6
 The district court did not err in denying Fenisterri's motion to suppress evidence without holding a Franks hearing. Fenisterri failed to preliminarily show that the challenged search warrant affidavit, when stripped of the allegedly false information, could not support a finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir. 1994); United States v. Bertrand, 926 F.2d 838, 842 (9th Cir. 1991).
 
 II.
 
 7
 The district court did not abuse its discretion in limiting Fenisterri's cross-examination of witnesses to exclude any reference to co-defendant Saucedo's polygraph examination. Fenisterri impermissibly sought to introduce the polygraph evidence for its substantive value. See Brown v. Darcy, 783 F.2d 1389, 1397 (9th Cir. 1986). Moreover, where Fenisterri sought to cross-examine a government witness regarding Saucedo's state of mind after the polygraph test, the district court did not abuse its discretion in ruling that the probative value of this line of questioning did not outweigh the prejudice, confusion, and time consumption it was likely to cause. See Fed. R. Evid. 403; United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir. 1988). Fenisterri was given ample leeway to cross-examine Saucedo and other government witnesses. Because the jury received sufficient information to appraise the witnesses' biases and motivations, Fenisterri's right of confrontation was not impaired. See United States v. Guthrie, 931 F.2d 564, 568 (9th Cir. 1991).
 
 III.
 
 8
 We affirm Fenisterri's conviction for use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). The evidence, viewed in the light most favorable to the prosecution, supports our conclusion that the jury rationally found that the elements of section 924(c)(1) were proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992).
 
 
 9
 First, Fenisterri's loaded gun was found in his living room, in close enough proximity to the cocaine to suggest that it was "related" to his possession, with the intent to distribute, of the cocaine in his home. See United States v. Garcia, 997 F.2d 1273 (9th Cir. 1993); United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir. 1992); United States v. Torres-Medina, 935 F.2d 1047, 1049; see also United States v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir. 1991). Second, the gun need not have been with Fenisterri at the time of his arrest to constitute "use" under 18 U.S.C. Sec. 924(c)(1). See Torres-Medina, 935 F.2d at 1049. The evidence supports the jury's reasonable inference that Fenisterri's possession of the gun in his home served to protect him or his drug stash, or to intimidate others, thereby emboldening him to possess the cocaine with the intent to distribute. See Garcia, 997 F.2d at 1283; Torres-Medina, 935 F.2d at 1050; Torres-Rodriguez, 930 F.2d at 1385-86.
 
 
 10
 Fenisterri has failed to show that the evidence was insufficient to sustain the guilty verdict.
 
 IV.
 
 11
 Because the record indicates that Fenisterri exercised decision-making authority and control over co-defendant Saucedo, the district court did not clearly err in applying a two level upward adjustment to Fenisterri's sentence based upon his supervisory role, pursuant to United States Sentencing Guidelines section 3B1.1(c). See United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir. 1994); United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir. 1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Hon. Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3